UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ARTAVION GREENE, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| v. | ] CIVIL ACTION NO. |
| | ] 2:19-CV-00154-KOB |
| PNS TRANSPORTATION, et al., | ] |
| | ] |
| Defendants. | ] |

## MEMORANDUM OPINION

This matter comes before the court on Plaintiff Artavion Greene's pro se amended complaint. (Doc. 7). Because his original complaint failed to state a plausible claim for relief, the court ordered Mr. Greene to file an amended complaint, described in detail the law that governs his claims, specifically advised him how to file a complaint that complies with the Federal Rules of Civil Procedure, and warned him that the failure to comply with the court's order could result in the dismissal of his claims. (*See* Doc. 4). As further explained below, Mr. Greene's amended complaint exhibits the same deficiencies as his original complaint, so the court will *sua sponte* (on its own) dismiss his amended complaint.

I.  **Procedural History**

Mr. Greene filed his original complaint on January 28, 2019. (Doc. 1). In

1

his complaint, he attempted to bring a race discrimination claim under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, and an age discrimination claim under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, against his previous employer, Defendant PNS Transportation, and several employees at PNS. Mr. Greene, who is African-American and does not allege his age, asserted that PNS terminated him from his job as a truck driver because of his race and age after he inquired about a referral bonus. According to Mr. Greene, his supervisor at PNS told him "[he] was nothing but a trouble maker, and that is why [his] black ass don't have a job." (Doc. 1 at 13).

Magistrate Judge Cornelius, who was then assigned to this case, found that Mr. Greene's complaint failed to state a plausible claim for relief under Title VII or the ADEA. (*See* Doc. 4). In her February 13, 2019 Order, Judge Cornelius discussed how a plaintiff can state a discrimination claim under Title VII using direct or circumstantial evidence. She found that Mr. Greene's supervisor's statement about his "black ass" not having a job was not direct evidence that PNS terminated him because of his race. And Judge Cornelius found that Mr. Greene did not identify any non-African-American employee who PNS treated more favorably and thus could not state a discrimination claim based on circumstantial evidence. (*See* Doc. 4 at 5–8).

Judge Cornelius also informed Mr. Greene that the ADEA prohibits an

employer from discriminating against an employee who is at least 40 years old because of his age and that a plaintiff can state an age discrimination claim using direct or circumstantial evidence. (Doc. 4 at 8). But she found that Mr. Greene "[made] no allegation regarding his age, any statement or conduct that would constitute direct evidence he suffered discrimination based on his age, or any evidence that would circumstantially prove age-based discrimination," and thus failed to state a plausible age discrimination claim. (*Id.*)

Judge Cornelius ordered Mr. Greene to file an amended complaint that corrected the deficiencies she identified. In her Order, she informed Mr. Greene that the amended complaint must (1) refer to the statutes he invoked for his claims; (2) comply with the Federal Rules of Civil Procedure; (3) be suitable for service on the defendants; (4) identify each defendant; (5) describe what each defendant did; (6) state when and where the incidents underlying his claims occurred; (7) describe how the defendants' acts harmed him; (8) state the relief he seeks; (9) not refer back to the original complaint; and (10) not rely on conclusory and general assertions of discrimination. (*See* Doc. 4 at 9–10). Judge Cornelius advised Mr. Greene that service of process would not begin until he filed an amended complaint in compliance with the court's Order and warned him that the failure to comply with the court's Order could result in the dismissal of his claims. (*Id.* at 10).

3

## II. *Sua Sponte* Review of the Amended Complaint

Mr. Greene filed his amended complaint after the Clerk reassigned this case to the undersigned judge. In his amended complaint, he makes the same factual allegations as his original complaint. He alleges that PNS fired him and then rehired him as a truck driver in November 2018. Upon his return, he participated in an orientation conducted by PNS. During the orientation, he learned that PNS had not paid a referral bonus to an employee that he referred to PNS; apparently Mr. Greene believed he was due to receive some of the referral money. Mr. Greene "said something" about the referral money to "Scott the owner." Mr. Greene then received the truck that he would drive for PNS. While Mr. Greene was packing the truck with his belongings, he received a phone call from "Keith," who told him that he was "a trouble maker" and "that's why your black ass don't have a job here." Presumably that same day, PNS terminated Mr. Greene and did not help him return home. (*See* Doc. 7 at 5).

In his amended complaint, Mr. Greene does not allege any basis for the court's jurisdiction or identify any law under which he brings any claim. But, construing his amended complaint liberally, the court assumes that, as he did in his original complaint, Mr. Greene seeks to bring claims for race discrimination under Title VII and age discrimination under the ADEA. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less

stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

In suits where the plaintiff proceeds in forma pauperis, as Mr. Greene does here, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). So the court next fulfills its obligation to review *sua sponte* (on its own) the merits of the complaint.

The court analyzes whether a complaint "fails to state a claim on which relief may be granted" under 28 U.S.C. § 1915(e)(2)(B)(ii) pursuant to the same standard that the court utilizes in reviewing a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Under this standard, the court will dismiss a complaint if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be plausible on its face, the complaint must contain enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. And conclusory allegations and speculation cannot state a plausible claim for relief. *See Twombly*, 550 U.S. at 555.

A. <u>Title VII</u>

Title VII prohibits employers from discriminating against an employee based on race. 42 U.S.C. § 2000e-2(a)(1). And a plaintiff may establish a Title VII race discrimination claim with direct or circumstantial evidence of discrimination. *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1085 (11th Cir. 2004).

Direct evidence "proves the existence of a fact without inference or presumption." *Wilson*, 376 F.3d at 1086 (internal quotation marks and alterations omitted). Direct evidence of discrimination must show on its own that racial animus motivated the employer's decision. *See id.* And "only the most blatant remarks, whose intent could mean nothing other than to discriminate on the basis of some impermissible factor constitute direct evidence of discrimination." *Id.* (internal quotation marks omitted).

Here, Mr. Greene's amended complaint contains no factual allegations that, if proved, could be direct evidence of discrimination. His supervisor's statement that Mr. Greene's "black ass don't have a job here" because he was a "trouble marker" uses racially derogatory language, but it does not demonstrate that PNS terminated him *because* of his race. So Mr. Greene fails to state a Title VII discrimination claim based on direct evidence.

A plaintiff may also use circumstantial evidence to state a Title VII

6

discrimination claim pursuant to the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Burke-Fowler v. Orange Cty., Florida*, 447 F.3d 1319, 1322 (11th Cir. 2006). Under this framework, the plaintiff must first establish a *prima facie* case of discrimination, i.e., establish the basic requirements for the cause of action. *See id.* The plaintiff succeeds at this step by showing that (1) he is a member of a protected class; (2) he was qualified to perform his job; (3) he suffered an adverse employment action; and (4) his employer treated similarly situated employees outside of his protected class more favorably. *Id.*

Here, Mr. Greene does not identify any employee outside of his protected class, i.e., non-African-American, who he alleges PNS treated more favorably. So Mr. Greene cannot state the basic requirements for a claim of discrimination based on circumstantial evidence. *See Burke-Fowler*, 447 F.3d at 1325 (affirming summary judgment for the defendant where the plaintiff failed to offer valid comparators for a race discrimination claim or present any other circumstantial evidence suggesting race discrimination); *Felder v. Bradford Health Servs.*, 493 F. App'x 17, 20–21 (11th Cir. 2012) (same); *Litman v. Sec'y of the Navy*, 703 F. App'x 766, 769–70 (11th Cir. 2017) (affirming dismissal of complaint where the plaintiff failed to allege valid comparators for race discrimination claim despite multiple opportunities to amend).

B. <u>ADEA</u>

The ADEA prohibits an employer from discriminating against an employee who is at least 40 years old based on his age. 29 U.S.C. § 623(a)(1). Like a Title VII claim, a plaintiff can establish an ADEA claim based on direct or circumstantial evidence of discrimination. *Sims v. MVM, Inc.*, 704 F.3d 1327, 1332 (11th Cir. 2013). And, like a Title VII discrimination claim based on circumstantial evidence, the court evaluates an ADEA claim based on circumstantial evidence under the *McDonnell Douglas* framework. *Id.*

Here, Mr. Greene has not stated any facts related to his or anyone else's age. The court has no idea whether he falls within the protected category of being over 40 years old. So, to the extent that he attempts to state an ADEA claim, he fails to state an ADEA claim based on direct or circumstantial evidence.

## III. <u>Conclusion</u>

For the reasons stated above, Mr. Greene's amended complaint fails to state a plausible claim for relief under Title VII or the ADEA. So, by separate order, the court will *sua sponte* **DISMISS WITHOUT PREJUDICE** Mr. Greene's amended complaint.

The court's February 13, 2019 Order directing Mr. Greene to file an amended complaint described in detail how he could state a Title VII and ADEA claim under the law that the court discussed above. (*See* Doc. 4). And the Order

specifically advised Mr. Greene how to file an amended complaint that could state a plausible claim for relief, satisfy the Federal Rules of Civil Procedure, and justify service of process on the defendants. Also, the court informed Mr. Greene that the failure to comply with the court's Order could result in the dismissal of his claims. Mr. Greene's amended complaint failed to comply with any of the instructions in the court's Order. So the court finds that any further amendments of his complaint would be futile and will **DIRECT** the Clerk to close this case.

    **DONE** and **ORDERED** this 18th day of April, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE